# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KYLE JASON BELMONT,<br>Appellant, | DOCKET NUMBER<br>PH-0845-18-0430-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DATE: May 22, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kyle Jason Belmont</u>, Bow, New Hampshire, pro se.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision by the Office of Personnel Management (OPM) finding that the appellant had received an annuity overpayment and was not entitled to a waiver. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find the appellant without fault in the creation of the overpayment, to supplement the analysis regarding financial hardship, and to find that the Board is without authority to address an adjustment to the repayment schedule, we AFFIRM the initial decision.

## BACKGROUND

On October 23, 2008, the appellant was awarded disability retirement under the Federal Employees' Retirement System (FERS). Initial Appeal File (IAF), Tab 8 at 23-26. On April 7, 2015, OPM notified the appellant that, based on a computer match between OPM and the earnings files of the Social Security Administration (SSA), there was a discrepancy between his earned income for the 2013 calendar year and the income he reported to OPM. *Id*. at 28. The notice informed the appellant that, based on the amounts reported to OPM from SSA, his 2013 income exceeded the 80% earnings limit and thus he might no longer be eligible to receive disability retirement benefits from OPM. *Id*. On July 27, 2015, OPM notified the appellant that, after reviewing his W-2s and Federal income tax returns, it confirmed that he had exceeded the 80% earnings

limit and would discontinue his disability annuity, life insurance, and health benefits. *Id*. at 27.

On October 19, 2015, OPM notified the appellant that, because his annuity was not terminated until July 2015, an overpayment occurred. *Id*. at 32. After deducting the life and health insurance premiums already paid by the appellant, OPM calculated the net total overpayment to be $14,513.59. *Id*. The appellant requested reconsideration of OPM's decision and waiver of the debt. *Id*. at 50. His request denoted that he enclosed a Financial Resources Questionnaire (FRQ), any monthly payment would be an extreme hardship, and, since the disability payments had stopped, he was unable to meet payments. *Id*. He further stated that he included his and his wife's paystubs and a printout of their bank balances to show what they wrote was accurate.[2] *Id*.

On May 24, 2018, OPM responded to his request for waiver. *Id*. at 20-22. In addition to setting out the considerations for eligibility for waiver by showing that he was without fault and that collection is against equity and good conscience, the notice instructed the appellant to complete an updated FRQ. *Id*. According to OPM, the appellant did not respond. *Id*. at 9.

On July 11, 2018, OPM issued its final decision that the appellant owed an overpayment and was not eligible for waiver of the overpayment because (1) he was not without fault in causing or contributing to the overpayment, and (2) recovery of the overpayment would not be against equity and good conscience. IAF, Tab 8 at 15-18. OPM's decision stated that it had insufficient evidence to conclude that recovery of the overpayment would cause financial hardship because the appellant failed to respond to the May 24, 2018 notice requesting an updated FRQ. *Id*. at 17.

The appellant appealed this decision to the Board. IAF, Tab 1. In his appeal, he acknowledged that he exceeded the 80% earnings limit for 2013 by

---

[2] Although the record contains the appellant's request for reconsideration and waiver, it does not contain the FRQ, pay stubs, or bank balances he claims to have attached.

$34. *Id*. at 4. He claimed that, because he continued to receive payment from OPM and because he exceeded his earnings limit by so little, he assumed the matter was resolved. *Id*. He further claimed that he is in "no financial position to repay" the overpayment and that "it would cause an enormous hardship." *Id*. Finally, he claimed that he was not aware that his continued receipt of his disability annuity was an overpayment when he was receiving it. *Id*.

On February 7, 2019, the administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 11, Initial Decision (ID) at 1. He found that the appellant had exceeded the 80% threshold on earnings capacity for 2013, and that OPM had proved the existence and amount of the overpayment. ID at 4-5. He further found that the appellant was not entitled to waiver of the overpayment because he failed to prove by substantial evidence that he was without fault and that recovery of the overpayment would be against equity and good conscience. ID at 5. In so finding, he found that collection of the overpayment was not unconscionable under the circumstances. *Id*. Finally, he found that the appellant was not entitled to an adjustment of the repayment schedule because he had not requested OPM to adjust the schedule and, in any event, he had not demonstrated financial hardship. ID at 5-6.

The appellant has filed a petition for review, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 4. The appellant asserts that, when he provided his income to OPM for 2013, it was unknown to him that his earnings exceeded his limit. PFR File, Tab 1 at 4. He again states that, because he only exceeded the 80% earnings limit by $34, he continued to receive an annuity until July 2015, and he provided to OPM all the information required regarding his 2013 earnings, he assumed there was no problem or overpayment. *Id*.; IAF, Tab 1 at 4, Tab 8 at 27. He also states that his child was diagnosed with cancer and he lives paycheck to paycheck with large amounts of credit card debt, and that he considers the repayment of the overpayment to be an enormous hardship on him. PFR File, Tab 1 at 4.

On May 7, 2019, the Office of the Clerk of the Board ordered the appellant to provide an updated financial statement and any other relevant information for determining whether collection of the overpayment would cause financial hardship. PFR File, Tab 5 at 4. The order explained how financial hardship is determined and informed him that, without adequate information, it is not possible for the Board to make a reasoned determination regarding financial hardship. *Id*. at 2-3. The appellant did not respond.

## DISCUSSION OF ARGUMENTS ON REVIEW

At the outset, OPM bears the burden of proving the existence and amount of an annuity overpayment by preponderant evidence.[3] *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); 5 C.F.R. § 845.307(a). Once it does so, the appellant bears the burden of establishing, by substantial evidence, that he is entitled to a waiver.[4] *Spinella v. Office of Personnel Management*, 109 M.S.P.R. 185, ¶ 6 (2008); 5 C.F.R. § 845.307(b).

The administrative judge properly found that OPM proved the existence and amount of the overpayment.

The annuity of a disability annuitant who is restored to earning capacity before becoming 60 years of age terminates 180 days after the end of the calendar year in which earning capacity is restored. 5 U.S.C. § 8455(a)(2). Earning capacity is deemed restored if the income of the annuitant equals at least 80% of the current rate of pay of the position occupied immediately before retirement. *Id*. Although proving the existence and amount of an overpayment is OPM's burden, the appellant here admitted that he exceeded the 80% earnings limit for

[3] Preponderant the evidence is that degree of relevant evidence a reasonable person, considering the record as a whole, would accept as sufficient to find a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[4] Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p). It is a lower standard of proof than preponderance of the evidence. *Id.*

2013 by $34, and does not challenge the amount of the overpayment. IAF, Tab 1 at 4; *see Vojas*, 115 M.S.P.R. 502, ¶ 10 (setting forth OPM's burden of proving the existence and amount of an overpayment); *see also Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 9 (2014) (finding that an appellant's admission to a charge can suffice as proof of the charge without additional proof from the agency).

Because the appellant exceeded his earning capacity for 2013, his disability annuity should have terminated on June 30, 2014. *See* 5 C.F.R. § 844.402(a) (explaining that a FERS disability retirement annuity terminates on June 30 of the calendar year after which the annuitant was restored to earning capacity). His disability annuity was not terminated until July 2015, and thus, he was overpaid. IAF, Tab 8 at 15, 32. Accordingly, we agree with the administrative judge that OPM met its burden of proving the existence and amount of the overpayment. ID at 4-5; IAF, Tab 8 at 32, 38.

<u>The appellant is without fault in the creation of the overpayment.</u>

An appellant may be granted a waiver of recovery of an overpayment if he is without fault and recovery would be against equity and good conscience. *Spinella*, 109 M.S.P.R. 185, ¶ 6. Pertinent considerations in determining fault are (1) whether payment resulted from the individual's incorrect but not necessarily fraudulent statement, which he should have known to be incorrect; (2) whether payment resulted from the individual's failure to disclose material facts in his possession, which he should have known to be material; or (3) whether he accepted a payment that he knew or should have known to be erroneous. 5 C.F.R. § 845.302(a).

The administrative judge here found that the appellant failed to prove that he was without fault. ID at 5. We disagree. The fact that the appellant was on notice of the 80% earnings limitation does not necessarily mean that he knew or should have known that his earnings exceeded that limit. *See* 5 C.F.R. § 844.402(d) (stating that "OPM will determine entitlement to [a]

continued [disability retirement] annuity" based on an annuitant's annual report of his income); *see also Zelenka v. Office of Personnel Management*, 107 M.S.P.R. 522, ¶ 8 (2007) (finding that identical language in OPM's Civil Service Retirement System (CSRS) regulation at 5 C.F.R. § 831.1209(i) required OPM to determine an annuitant's continued entitlement to disability retirement payments). The Board has held that an annuitant is not required to look up his current rate of basic pay for his former position, or to perform the calculation of the 80% limitation and inform OPM that his earnings exceed that limit. *See Zelenka*, 107 M.S.P.R. 522, ¶ 8 (finding that, although the appellant could have located the relevant salary table on the internet and made the requisite calculations, it was not her responsibility to do so). Under these circumstances, the Board has held that when an appellant supplies OPM with his income which, unbeknownst to him, exceeds the 80% earnings limit, he is not at fault in creating an ensuing overpayment. *Id.*

Although the appellant appears to some extent to have erroneously reported his earned income for 2013, OPM determined that this was not deliberate and that the appellant provided a plausible explanation for the amount reported. IAF, Tab 8 at 39.[5] The appellant stated, in no unclear terms, that he was "not aware this was an overpayment when I was receiving it" and that it was "unknown to us," presumably referring to him and his wife, that he made $34 more than was allowed in 2013 until subsequently informed by OPM. IAF, Tab 1 at 5; PFR File, Tab 1 at 4. The record does not reflect that the appellant knew or should have known that the income he reported was incorrect or that he received payments that he knew or should have known to be erroneous. Accordingly, we find that the appellant has met his low burden of proving, by substantial evidence, that he was not at fault in the creation of the overpayment. The administrative judge erred in reaching the opposite conclusion. This error was harmless, however, as

---

[5] This determination, stated in a document submitted by OPM, contradicts OPM's argument that the appellant knowingly withheld his earned income for 2013 in an attempt to get the benefit of the full annuity. IAF, Tab 8 at 8.

the appellant is nonetheless not entitled to a waiver of the overpayment. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of the initial decision).

<u>The appellant has failed to meet his burden of proving that recovery of the overpayment would be against equity and good conscience.</u>

If an appellant is without fault in creating the overpayment, he may be entitled to a waiver of that amount if recovery would be against equity and good conscience. *Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 5 (2012). There are three situations in which recovery of an overpayment is against equity and good conscience: (1) it would cause financial hardship; (2) the annuitant can show that because of the overpayment he relinquished a valuable right or changed positions for the worse; or (3) recovery would be unconscionable under the circumstances. *Id*.; 5 C.F.R. § 845.303. While the administrative judge reached the correct conclusion that the appellant failed to demonstrate financial hardship, we modify the initial decision to supplement his analysis.

As relevant here, the administrative judge concluded, without much analysis, that the appellant failed to demonstrate financial hardship. ID at 6. We agree, but supplement the administrative judge's analysis as provided below.

To demonstrate financial hardship, an appellant must prove that he needs substantially all of his current income and liquid assets to meet his current expenses and liabilities. *Stewart v. Office of Personnel Management*, 102 M.S.P.R. 272, ¶ 7 (2006); 5 C.F.R. § 845.304. Here, although the appellant appears to have originally submitted his financial information, it is not in the record and is now years old. IAF, Tab 8 at 9, 50. When OPM requested his updated financial information on May 24, 2018, he did not respond. *Id*. at 17, 20-21. Moreover, he failed to respond to the Board's order to show cause regarding his financial information. PFR File, Tab 5. Without adequate information, it is not possible for the Board to make a reasoned determination

concerning the financial hardship question. *See Eaton v. Office of Personnel Management*, 38 M.S.P.R. 216, 218 (1998) (discussing waiver of an overpayment of a CSRS annuity benefit based on financial hardship). As such, the appellant has failed to meet his burden of proving that he is entitled to a waiver based on financial hardship.

The parties do not challenge the administrative judge's findings regarding whether the appellant relinquished a valuable right or changed positions for the worse, or that recovery would be unconscionable under the circumstances. We see no reason to disturb these findings on review.

The administrative judge additionally found that the appellant was not entitled to an adjustment of the repayment schedule. ID at 6. The appellant did not request an adjustment of the repayment schedule below and has not challenged this finding on review. Nonetheless, we modify this determination to find, instead, that the Board is without authority to address a possible adjustment. Because the appellant no longer receives an annuity from which OPM can deduct installment payments, his repayment schedule cannot affect any "rights or interests" under FERS. 5 U.S.C. § 8461(e)(1); *see Alexander v. Office of Personnel Management*, 114 M.S.P.R. 122, ¶¶ 9-12 (2010) (explaining the under similar language in 5 U.S.C. § 8347(d)(1), regarding the Board's jurisdiction over CSRS matters, the Board lacks authority to adjust a repayment schedule in the absence of a CSRS annuity or other administrative payment); 5 C.F.R. § 845.206 (providing that administrative offset may be made from lump sum or annuity payments or payments made to the debtor by another agency).

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.